UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                  Case No. 2:05-cr-98-FtM-33DNF

DONALD RAY LOCKE
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Donald Ray Locke's April 6, 2014, letter to the Court. Therein, Defendant indicates that he provided assistance to law enforcement leading to the arrest and conviction of a child pornographer, Philip Michael Sebolt. See United States v. Sebolt, No. 13-4093, 2014 U.S. Dist. LEXIS 2564 (4th Cir. Feb. 11, 2014). In the letter, Locke requests that the Court appoint counsel to represent him "in filing for a Rule 35 Motion." (Locke Letter at 3).[1]

**Discussion**

Locke entered into a plea agreement with respect to child pornography charges on November 15, 2005 (Doc. # 38), and this Court sentenced Locke to 188 months imprisonment on

---

[1] In the letter, Defendant indicates that he requested assistance with this matter from his previously appointed counsel, Neil Potter, Esq., but that Mr. Potter "inform[ed] me that he was only appointed to represent me on my federal case up to my sentencing and nothing further. He was very rude." (Locke Letter at 2).

March 2, 2006. (Doc. # 62). As to "Cooperation-Substantial Assistance," the Plea Agreement states:

> If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

(Doc. # 38 at 4-5).

Rule 35(b) of the Federal Rules of Criminal Procedure does not provide a mechanism for an individual defendant, such as Locke, to seek relief, but rather provides the Government with a procedure for seeking a reduced sentence in recognition of substantial assistance provided in the investigation and prosecution of others. The Government has the power, but not the duty, to file a substantial

assistance motion. Wade v. United States, 504 U.S. 181, 185 (1992).

In the present case, in the interests of justice, the Court will forward Locke's correspondence to Assistant United States Attorney Yolande G. Viacava so that she may, in her discretion, evaluate whether it may be appropriate to seek a reduction in Locke's sentence.[2] In so transmitting Locke's correspondence to the Government, the Court is in no way insinuating that a sentence reduction is warranted. The Court further notes that it declines to appoint counsel for Locke at this juncture. However, the Court will forward the correspondence to Locke's prior counsel, Mr. Potter, in the event that Mr. Potter may be in a position to assist Locke with respect to these proceedings. Last, the Court notes that it will not accept any further correspondence from Locke. This Court is not a repository for letters and other items of correspondence. In the event that Locke seeks

---

[2] The record in the Sebolt case reflects that the Government was represented by Assistant United States Attorney Elizabeth Catherine Wu and Assistant United States Attorney Thomas Kennerly Johnstone, IV, located in the Eastern District of Virginia, Richmond Division. See United States v. Sebolt, 3:12-cr-33-JAG-1.

relief from the Court, he is directed to file a motion on the Court's open record in accordance with the Local Rules and the applicable Federal Rules and other governing law.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) The Clerk is directed to transmit a copy of Locke's April 6, 2014, letter to Assistant United States Attorney Yolande G. Viacava and Defendant's prior counsel Neil Potter, Esq.

(2) The Court declines to appoint counsel for Locke.

(3) The Court will not accept any further correspondence from Locke. In the event that Locke seeks relief from the Court, he is directed to file a motion on the Court's open record. Any further letters addressed to the Court will be returned to Locke.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>18th</u> day of April, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4

Copies: AUSA Yolande Viacava
       Neil Potter, Esq.